# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-626
Lower Tribunal No. 19-4354

_____

**Walter Alexandre Houck Cruz,**
Appellant,

vs.

**Richard A. Neely, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Walter Alexandre Houck Cruz, in proper person.

Chepenik Trushin LLP, and Daniel F. Bachman and Danielle Birman, for appellees.

Before SCALES, MILLER and LOBREE, JJ.

<u>ON MOTION TO DISMISS APPEAL</u>

PER CURIAM.

In this probate appeal, appellant Walter Alexandre Houck Cruz seeks review of the trial court's February 17, 2021 Distribution Order.[1] Appellees Richard A. Neely and Carolyn S. Neely, as personal representatives of the estate of Daniel Alen Neely, argue in their motion to dismiss that appellant does not have standing in this Court to seek review of the Distribution Order. We agree and dismiss the appeal.

For appellant to have standing in this Court to seek review of the Distribution Order, he must be an "interested person" as defined by chapter 731 of the Florida Statutes, Florida's Probate Code. Section 731.201(23) of the Florida Statutes (2021) defines an "interested person" as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." See also Fla. R. App. P. 9.170(b) ("[A]ppeals of orders rendered in probate . . . cases shall be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code.").

---

[1] The February 17, 2021 order is titled: "Corrected* Order Vacating April 30, 2020 Order on Amended Motion to Stay or Vacate Court Orders; Reentering March 2, 2020 Order Authorizing Distribution and Plan of Distribution Nunc Pro Tunc as of March 2, 2020; and Authorizing Distribution of Decedent's E*Trade Investment Account."

Appellant's claim that he is an "interested person" in this probate proceeding is based exclusively on a purported 2017 will. This 2017 will, however, was determined to be a forgery and was invalidated by the lower court's January 15, 2021 final judgment. This January 15, 2021 final judgment was not appealed, and therefore, appellant no longer has an interest in, and will not be affected by the outcome of, any proceeding in this probate action. Because appellant is not an "interested person," we grant appellee's motion and dismiss appellant's appeal for lack of standing.

Appeal dismissed.